# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| Jennifer O'Neal | Case No. 14-cv-287 |
|       Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| Mid Continent Credit Services, Inc. | |
|       Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Jennifer O'Neal, ("Jennifer"), is a consumer who resided in Nevada at all times relevant to this action.

2. Defendant, Mid Continent Credit Services, Inc., ("MCCS"), is an Iowa Corporation that maintained its principal place of business in Wichita, KS.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391, venue is proper because the Defendant resides in this District as an Iowa Corporation. Defendant's registered agent is James L. Bergkamp, Jr. with an address at 218 S. 9th St., Adel, IA, 50003 in Dallas County, Iowa.

## STATEMENT OF FACTS

5. At all times relevant to this action, MCCS collected consumer debts.

6. MCCS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of MCCS revenue is debt collection.

8. MCCS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, MCCS contacted Jennifer to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Jennifer is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. On or around February 28, 2014, MCCS contacted Jennifer on Jennifer's cellular phone in connection with the collection of the debt.

13. MCCS called her at a 503 area code.

14. 503 is the area code for Portland, Oregon.

15. This MCCS communication occurred at or around 6:40 A.M. local time for Plaintiff and in Portland, OR.

16. MCCS failed to have a system in place to identify and discern whether calls were being made in compliance with 1692c(a)(1) requirement to avoid calls before 8 o'clock antemeridian and after 9 o'clock postmeridian, local time at the consumer's location.

17. Jennifer was angered and annoyed by the early call from MCCS.

18. As a result of MCCS' call, Jennifer suffered actual emotional distress damages in the form of annoyance and anger.

19. MCCS violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at before 8 a.m. local time.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff prays for the following relief:

    a.   Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.   For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA

By:____/s/ J.D. Haas_____
One of Plaintiff's Attorneys

*Of Counsel*
J.D. Haas, Esq.
10564 France Avenue South
Bloomington, MN  55431
Phone: 952-345-1025
jdhaas@jdhaas.com